# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

| | |
|---|---|
| 60 East 42nd Street, Suite 4510 | Telephone: (212) 317-1200 |
| New York, New York 10165 | Facsimile: (212) 317-1620 |

michael@faillacelaw.com

May 28, 2019

**VIA ECF**

Hon. Ona T. Wang
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

   Re: <u>Velazquez Cuautle et al v. Hudson Market 303 LLC et al;</u>
      Case No. 18-cv-02968-OTW

Dear Judge Wang:

  This office represents plaintiffs in the above referenced matter. Plaintiff writes to submit this letter setting forth our views on why the agreed upon settlement in this matter is fair.

  The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions before Your Honor. A copy of the proposed Agreement is attached hereto as "Exhibit A." We therefore ask the Court to approve the settlement, pursuant to <u>Cheeks v. Freeport Pancake House</u>, Inc., 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice.

1.  **Background**

  Plaintiffs filed this Complaint against Defendants alleging claims for unpaid overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

Plaintiff Abrahan Velazquez Cuautle

  Plaintiff Abrahan Velazquez Cuautle ("Plaintiff Velazquez") worked for Defendants as a line cook from approximately January 18, 2017 until on or about January 9, 2018. Throughout Plaintiff Velazquez's employment, he typically worked 55 to 64 hours per week. From approximately January 2017 until in or about October 2017, Defendants paid Plaintiff Velazquez

Page 2

$13.00 per hour by personal check. From approximately October 2017 until on or about January 9, 2018, Defendants paid Plaintiff Velazquez $14.00 per hour by personal check.

Plaintiff Arturo Gil Garita

Plaintiff Arturo Gil Garita ("Plaintiff Gil") worked for Defendants as a cook helper from approximately April 2017 until in or about 2018. Throughout his employment, Plaintiff Gil typically worked 55 to 63 hours per week and was paid $12.00 to $14.00 per hour by personal check.

Plaintiff Cesario Vazquez Talavera

Plaintiff Cesario Vazquez Talavera ("Plaintiff Vazquez") worked for Defendants as a salad preparer from approximately October 2017 until in or about 2018. Throughout his employment, Plaintiff Vazquez typically worked 54.5 to 71.5 hours per week and was paid $13.00 per hour by personal check.

Plaintiff Cristo Garcia Santiago

Plaintiff Cristo Garcia Santiago ("Plaintiff Garcia") worked for Defendants as a salad preparer from approximately September 2016 until on or about March 10, 2018. Throughout his employment, Plaintiff Garcia typically worked 60 hours per week and was paid $11.00 to $13.00 per hour in cash.

Plaintiff Jose Humberto Becerra Buitrago

Plaintiff Jose Humberto Becerra Buitrago ("Plaintiff Becerra) worked for Defendants as a porter from approximately August 2016 until in or about 2018. Throughout his employment, Plaintiff Becerra typically worked 47.5 to 60.5 hours per week and was paid $10.00 to $13.00 per hour in cash.

Plaintiff Jose Oscar Juarez Ramos

Plaintiff Jose Oscar Juarez Ramos ("Plaintiff Juarez") worked for Defendants as a dishwasher and delivery worker from approximately October 4, 2015 until in or about 2018. Throughout his employment, Plaintiff Juarez typically worked 48 hours per week and was paid $10.45 per hour. Plaintiff Juarez was paid in cash from October 2015 until March 2016 and was thereafter paid by check.

Plaintiff Jose Perez Espinal

Plaintiff Jose Perez Espinal ("Plaintiff Perez") worked for Defendants as a food preparer and delivery worker from approximately March 2017 until in or about 2018. Throughout his employment, Plaintiff Perez typically worked 48 hours per week and was paid $11.00 to $13.00

per hour.  Plaintiff Perez was paid in cash until September 2017 and thereafter was paid by personal check.

Plaintiff Jose Yat Chic (a/k/a Edgar Castro)

Plaintiff Jose Yat Chic (a/k/a Edgar Castro) ("Plaintiff Chic") worked for Defendants as a delivery worker from approximately August 2016 until on or about March 16, 2018.  Throughout his employment, Plaintiff Chic typically worked 24 to 36 hours per week and was paid $9.00 to $13.00 per hour.  Plaintiff Chic was paid in cash until September 2017 and thereafter was paid by personal check.

Plaintiff Pedro Ramales

Plaintiff Pedro Ramales ("Plaintiff Ramales") worked for Defendants as a delivery worker from approximately September 2017 until in or about 2018. Throughout his employment, Plaintiff Ramales typically worked 48.75 hours per week and was paid $12.00 to $13.00 per hour.  Plaintiff Ramales was paid by business check until December 2017 and thereafter was paid by personal check.

Plaintiff Pedro Tecun Pol

Plaintiff Pedro Tecun Pol ("Plaintiff Tecun") worked for Defendants as a dishwasher from approximately March 15, 2017 until in or about 2018.  Throughout his employment, Plaintiff Tecun typically worked 48 to 79 hours per week and was paid a fixed salary of $500 to $1000 per week by personal check.

Plaintiff Rafael Pascual Chacaj Batz (a/k/a Edgar Perez)

Plaintiff Rafael Pascual Chacaj Batz ("Plaintiff Chacaj") worked for Defendants as a delivery worker from approximately November 2016 until on or about March 15, 2018. Throughout his employment, Plaintiff Chacaj typically worked 60 to 78 hours per week and was paid $11.00 to $13.00 per hour by check.

Plaintiff Raul Antonio Cruz

Plaintiff Raul Antonio Cruz ("Plaintiff Antonio") worked for Defendants as a cook from approximately March 2016 until on or about July 31, 2017 and again from September 2017 until in or about 2018.  Throughout his employment, Plaintiff Antonio typically worked 55.5 to 61.5 hours per week and was paid $10.50 to $13.00 per hour in cash.

Defendants categorically deny the allegations in the Complaint.

2. **Settlement Terms**

Plaintiffs allege they were entitled to back wages of approximately $77,550.30. Plaintiffs estimate that if they had recovered in full for all their claims, they would be entitled to approximately $433,535.57 which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. A copy of Plaintiffs damages chart, breaking down each amount sought from Defendants and the allocation to each Plaintiff, is attached as "Exhibit B." The parties have agreed to settle this action for the total sum of $105,000. The settlement will be paid in 30 monthly installments.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiffs' claims. Defendants were adamant that Plaintiff worked less hours than they claimed, and indicated they were willing to provide witnesses to this effect.

Considering the risks in this case outlined above, Plaintiff believes that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

3. **Plaintiff's Attorneys' Fees are Fair and Reasonable**

Under the settlement, and in accordance with their retainer agreement with Plaintiffs, Plaintiffs' counsel will receive $35,000.00 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation (inclusive of costs) as well as a reduction in fees from what is identified in Plaintiffs' retainer agreement, which provides that forty percent of Plaintiffs' recovery will be retained by the firm plus costs.

Plaintiff's counsel's lodestar in this case is $18,398.50. A copy of Plaintiff Guzman's billing record is attached as "Exhibit C." Mr. Michael Faillace's standard billing rate is $450 an hour (MF), Mr. Daniel Tannenbaum's standard billing rate is $350 an hour (DT), Mr. Clifford Tucker's standard billing rate is $375 an hour (CK), Mr. Gennadiy Naydenskiy's standard billing rate is $350 an hour, and Ms. Haleigh Amant's standard billing rate was $250 an hour (HA). PL stands for work performed by a paralegal, at a standard billing rate of $100 an hour.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit (1.9 times the lodestar). *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May

24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiffs' counsels' significant experience representing Plaintiffs in New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations.

A brief biography of the attorneys who performed billed work in this matter is as follows:

I am the Managing Member of Michael Faillace & Associates, P.C, and have been in practice since 1983. From 1983 to 2000, I was in-house Employment Counsel with International Business Machines Corporation (IBM). I taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and am a nationally-renowned speaker and writer on employment law. I am also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

Daniel Tannenbaum is an associate at Michael Faillace & Associates, P.C. He graduated Hofstra Law School in 2008, and is admitted to the New York Bar, New Jersey Bar, United States District Court, Southern District of New York and the United States District Court, Eastern District of New York. Since law school he has practiced labor and employment law and commercial litigation at a number of law firms. Since joining Michael Faillace & Associates, P.C. in March 2019, he has been responsible for a caseload involving all aspects of the firm's employment docket in federal court.

Gennadiy Naydenskiy is a 2013 graduate of the State University of New York at Buffalo Law School, admitted to the New Jersey Bar and the United States District Court, District of New Jersey, in December 2013, the New York Bar in February 2014, the United States District Court, Southern District of New York in June 2014, and the United States District Court, Eastern District of New York in July 2014. Prior to joining Michael Faillace and Associates, P.C. in August 2018, Gennadiy Naydenskiy was a solo practitioner from October 2014, focusing primarily on FLSA

Page 6

wage and hour cases. Prior to founding his solo practice, Gennadiy Naydenskiy was an associate for Harrison, Harrison, and Associates a boutique law firm that focus most of their practice on FLSA wage and hour individual, multi-plaintiff, collective and class actions. Additionally, prior to being an associate, Gennadiy Naydenskiy was a law clerk for Harrison, Harrison, and Associates from May 2012.

   Clifford Tucker is an attorney at Michael Faillace & Associates P.C. He is a 2013 graduate of Brooklyn Law School. He graduated cum laude and with honors. Since that time, he has represented plaintiffs from intake through verdict in the areas of personal injury, civil rights, consumer class action, and most recently, in wage and hour litigation. He was selected to the Super Lawyers 2016 New York Metro Rising Stars list. He has taught Continuing Legal Education classes on case preparation, investigation, and discovery and on obtaining settlement offers in personal injury actions. He has also lectured to Veterans at the Bronx VA Hospital and at the Task Force of Social Workers of African Descent. He licensed to practice in the Southern and Eastern District of New York, the Second Circuit Court of Appeals, and in New York and New Jersey State Courts.

   Haleigh Amant was an associate at Michael Faillace & Associates, P.C. Since graduating law school in 2017 from the George Washington University Law school, she has been practicing strictly employment law and representing employees in wage and hour disputes.

   Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

           Respectfully submitted,

           <u>/s/Michael Faillace</u>
           Michael Faillace, Esq.
           MICHAEL FAILLACE & ASSOCIATES, P.C.
           Attorneys for the Plaintiff

Enclosures