```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
ABRAHAN VELAZQUEZ CUAUTLE, et al.,                          :
                                                            :
                              Plaintiffs,                   :    No. 18-CV-2968 (OTW)
                                                            :
               -against-                                    :    ORDER
                                                            :
HUDSON MARKET 303 LLC, et al.,                              :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------x
```

**ONA T. WANG, United States Magistrate Judge:**

Plaintiffs Abrahan Velazquez Cuautle, Arturo Gil Garita, Cesario Vazquez Talavera, Cristo Garcia Santiago, Jose Humberto Becerra Buitrago, Jose Oscar Juarez Ramos, Jose Perez Espinal, Jose Yat Chic, Pedro Ramales, Pedro Tecun Pol, Rafael Pascual Chacaj Batz, and Raul Antonio Cruz (collectively "Plaintiffs") bring this putative collective action in accordance with the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") for alleged unpaid minimum wage, unpaid overtime compensation, violation of notice requirements, violation of NYLL's tipping provision, and violation of NYLL's timely payment provisions. (ECF 1). The parties now submit their proposed settlement agreement to the Court for approval under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). (ECF 64). All parties have consented to my jurisdiction in accordance with 28 U.S.C. § 636(c). (ECF 40). For the reasons below, the Court declines to approve the settlement at this time.

I. **Background**

The twelve plaintiffs worked for various periods at Defendants' store Hudson Market from 2015 through present. Compl. ¶¶ 20-42. Plaintiffs were employed as cooks, dishwashers,

delivery workers, and food preparers. Compl. ¶ 4. Four of the plaintiffs allege that although they were classified as delivery workers, they spent a significant part of their work-week performing non-tipped duties, even though Defendants took a tip credit against their wages. Compl. ¶¶ 10-11. All of the plaintiffs allege that they were not provided proper overtime pay and that Defendants failed to keep the proper timekeeping records. Compl. ¶¶ 6-7.

Plaintiff filed suit against Defendants on April 4, 2018. (ECF 1). Although the case was initially referred to mediation, on February 8, 2019, the parties subsequently notified the Court that they reached a settlement independently. (ECF 55). The complaint indicated that Plaintiff intended to convert the matter to a collective action, but the parties reached their settlement before the filing of any conditional certification motion. Plaintiff filed a joint letter request and proposed settlement agreement on behalf of the parties for approval on May 28, 2019. (ECF 64).

## II.  Discussion

Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal court, but subjects that grant of permission to the limitations imposed by "any applicable federal statute." The Second Circuit has held that "in light of the unique policy considerations underlying the FLSA," this statute falls within that exception, and that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206. The Court will approve such a settlement if it finds it to be fair and reasonable, employing the five non-exhaustive factors enumerated in *Wolinsky v. Scholastic Inc.*:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing

their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted). In this case, the settlement agreement contains objectionable provisions that prevent a finding that the settlement is fair and reasonable.

    a. **Recovery Amount and Litigation Risks**

Pursuant to the settlement agreement, Defendants will pay $105,000, paid in thirty monthly installments. (ECF 64 at 4). Plaintiffs' counsel will receive one-third of that amount, $35,000, with the remaining $70,000 to be divided among Plaintiffs according to their specific damages. *Id*. Plaintiffs calculated a potential recovery, assuming the case went to trial, of $433,535.57 in total damages, which includes actual damages, statutory penalties, and interest. *Id*. Of that $433, 535.57, Plaintiffs allege that they are owed $77,550.30 in back wages. *Id*. The $70,000 allocated to Plaintiffs thus represents approximately 16% of Plaintiffs' maximum recovery, but 90% of their alleged unpaid wages.[1]

Courts may approve lower settlement percentages where there are significant barriers to prevailing at trial, *e.g.*, conflicting evidence and lack of supporting evidence. *See Beckert v. Ronirubinov*, No. 15-CV-1951 (PAE), 2015 WL 8773460, at *2 (S.D.N.Y. Dec. 14, 2015). Here, Defendants have proffered that they would provide witnesses at trial who would testify that

---

[1] When examining the proportion of recovery, courts often look at what Plaintiff would receive rather than the total settlement amount. *See, e.g.*, *Rosario v. Structural Preservation Systems, LLC*, No. 18-CV-83 (HBP), 2019 WL 1383642, at *2 (S.D.N.Y. Mar. 27, 2019); *Rojas v. Bronx Moon LLC*, No. 17-CV-5825 (KMK), 2018 WL 4931540, at *3 (S.D.N.Y. Oct. 10, 2018); *Felix v. Breakroom Burgers & Tacos*, No. 15-CV-3531 (PAE), 2016 WL 3791149, at *2 (S.D.N.Y. Mar. 8, 2016); *Beckert v. Ronirubinov*, No. 15-CV-1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). Because one of the primary purposes of a *Cheeks* approval is to protect the employee, I concur with this approach.

Plaintiffs worked less than the number of hours alleged. (ECF 64 at 4). In light of this litigation risk, a proposed settlement amount which would ensure a recovery of almost all of the alleged back wages is reasonable.

### b. Risk of Fraud or Collusion

The parties were represented by separate counsel, who acknowledged that the issues were contested up to the point of settlement. (ECF 64 at 4). There is also nothing in the record to suggest that fraud or collusion played a role in the negotiations.

### c. Settlement Provisions

The proposed settlement agreement contains various provisions that courts have found improper in FLSA settlement agreements. First, the settlement agreement's release provision is overly broad, covering, *inter alia*, violations of human rights laws, violations of civil rights laws, ERISA violations, Fair Credit Reporting Act violations, and Sarbanes Oxley Act violations. (ECF 64-1 at 18). Releases may not include claims "that have no relationship whatsoever to wage-and-hour issues." *Cheeks*, 796 F.3d at 206; *see also Lazaro-Garcia v. Sengupta Food Services*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015) ("[A]ny release provision must be limited to the claims at issue in this action."). Here, Plaintiffs are asked to not only release FLSA claims that have no relation to the FLSA issues in this case, but also claims under laws that are not even implicated in this case. *See Rojas*, 2018 WL 4931540, at *3 (rejecting a release that included all FLSA claims); *Johnson v. Equity Leasing Finance II, Inc.,* No. 16-CV-1454, 2016 WL 6493157, at *1 (S.D.N.Y. Oct. 4, 2016) (rejecting general release of "all liability whatsoever").

4

In addition, the proposed settlement agreement contains a general non-disparagement clause, agreeing "not to disparage each other." (ECF 64-1 at 20). Although non-disparagement clauses are generally disfavored by courts, non-disparagement clauses may be permitted where they are narrowly tailored, *i.e.*, permitting an exception for truthful statements about the litigation. *See Bao Cheng Fu v. Mee May Corp.*, No. 15-CV-4549 (HBP), 2017 WL 2172910, at *3 (S.D.N.Y. Mar. 31, 2017); *Weng v. T&W Restaurant, Inc.*, No. 15-CV-8167 (BCM), 2016 WL 3566849, at *4 (S.D.N.Y. June 22, 2016). Because the non-disparagement provision here contains no such limitations, it raises First Amendment concerns and cannot be approved in its current form.

   d. **Attorneys' Fees**

Although an attorneys' fee award of one-third of the settlement sum is generally consistent with fees upheld by courts in this District, *see Singh v. MDB Construction Mgmt., Inc.*, No. 16-CV-5216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018) (noting that one-third of settlement is "normal rate"), the Court must still separately determine whether the fees are "reasonable." *See Penafiel v. Rincon Ecuatoriano, Inc.*, No. 15-CV-112 (PAE), 2015 WL 7736551, at *2 (S.D.N.Y. Nov. 30, 2015). The Court is skeptical that Plaintiffs used the proper lodestar, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *See Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). The Court is especially concerned about Plaintiffs' counsel's billing for tasks unrelated to Plaintiffs' case, *e.g.*, reviewing the complaint to "classif[y] for future use" and appearing for a May 20, 2019 initial conference before Judge Fox. (ECF 64-3). There was no May 20, 2019 conference in this matter, and Judge Fox is not the judge assigned to this matter. However, because the proposed

5

settlement agreement cannot be approved in its current form, the Court will assess the reasonableness of the attorney's fees if/when a revised agreement is submitted.

III. **Conclusion**

For the foregoing reasons, the Court declines to approve the proposed settlement agreement. The parties may renew their request for *Cheeks* approval upon making revisions in accordance with this opinion and file a revised settlement agreement by **September 13, 2019**. If the parties choose to no longer proceed with settlement, the parties shall file a status letter by **September 13, 2019** informing the Court of that fact. Because discovery is closed and this case is ready to proceed to trial, the parties shall also state in their status letter whether they intend on filing any dispositive motions.

**SO ORDERED.**

Dated: September 5, 2019
New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge