**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ABRAHAN VELAZQUEZ CUAUTLE, ARTURO GIL GARITA, CESARIO VASQUEZ TALAVERA, CRISTO GARCIA SANTIAGO, JOSE HUMBERTO BECERRA BUITRAGO, JOSE OSCAR JUAREZ RAMOS, JOSE PEREZ ESPINAL, JOSE YAT CHIC (A.K.A. EDGAR CASTRO), PEDRO RAMALES, PEDRO TECUN POL, RAFAEL PASCUAL CHACAJ BATZ (A.K.A. EDGAR PEREZ), and, RAUL ANTONIO *individually and on behalf of others similarly situated,* | 18-cv-02968 |
| *Plaintiffs,* | **SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS** |
| -against- | |
| HUDSON MARKET 303 LLC (D/B/A HUDSON MARKET), CHRISTOPHER SANTOS, CHAN K. PARK, TERRENCE PARK, SCOTT BARNER, GREG GROSSMAN, ADAM DOE, JAZMIN DOE, and, ZACK DOE, | |
| *Defendants.* | |

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiffs Abrahan Velazquez Cuautle, Arturo Gil Garita, Cesario Vasquez Talavera, Cristo Garcia Santiago, Jose Humberto Becerra Buitrago, Jose Oscar Juarez Ramos, Jose Perez Espinal, Jose Yat Chic (a.k.a. Edgar Castro), Pedro Ramales, Pedro Tecun Pol, Rafael Pascual Chacaj Batz (a.k.a. Edgar Perez), and, Raul Antonio (collectively, "Plaintiffs") on the one hand, and Hudson Market 303 LLC (d/b/a Hudson Market) ( "Defendant Corporation"), and Chan K. Park, (the "Individual Defendants," and together with the Defendant Corporations "Defendants"), on the other hand.

WHEREAS, Plaintiffs allege that they worked for Defendant Corporations as employees; and

WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 18-cv-02968 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

1

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all wage and hour, claims or potential claims, Plaintiffs may have against Defendants through the Effective Date of this Agreement (each such claim a "Released Claim"), including all counsel fees and costs incurred by Plaintiffs, the gross sum of One Hundred Five Thousand Dollars and No Cents (**$105,000.00**) (the "Negotiated Settlement Amount") to be paid to Plaintiffs' attorneys as follows:

i.      Checks in the total amount of Three Thousand Five Hundred Dollars and No Cents ($3,500.00) for immediate deposit within thirty (30) days of court approval of the Agreement and receipt by the Defendants' attorney of a duly executed IRS W-9 from the Plaintiffs' counsel.

The payment shall consist of 13 separate checks:
1. One check in the amount of $122.50  made payable to plaintiff "Abraham Velazquez Cuautle"
2. One check in the amount of $171.73 made payable to plaintiff "Arturo Gil Garita"
3. One check in the amount of $89.83 made payable to plaintiff "Cesario Vazquez Talavera"
4. One check in the amount of $165.00 made payable to plaintiff "Cristo Garcia Santiago"
5. One check in the amount of $241.73 made payable to plaintiff "Jose Humberto Buitrago"
6. One check in the amount of $134.40 made payable to plaintiff "Jose Oscar Juarez Ramos"
7. One check in the amount of $236.13 made payable to plaintiff "Jose Perez Espinal",
8. One check in the amount of $165.00 made payable to plaintiff "Jose Yat Chic"
9. One check in the amount of $79.80 made payable to plaintiff "Pedro Ramales"
10. One check in the amount of $279.30 made payable to plaintiff "Pedro Tecun Pol"
11. One check in the amount of $418.80 made payable to plaintiff "Rafael Chacaj Batz"
12. One check in the amount of $229.13 made payable to plaintiff "Raul Antonio Cruz"
13. One check in the amount of $1,166.66 made payable to "Michael Faillace & Associates P.C." as attorneys for Plaintiffs.

ii.     Checks in the total amount of Three Thousand Five Hundred Dollars and No Cents ($3,500.00) for immediate deposit within Sixty Days (60) days of court approval of the Agreement

The payment shall consist of 13 separate checks:
1. One check in the amount of $122.50   made payable to plaintiff "Abraham Velazquez Cuautle"
2. One check in the amount of $171.73 made payable to plaintiff "Arturo Gil Garita"

2

3.  One check in the amount of $89.83 made payable to plaintiff "Cesario Vazquez Talavera"
4.  One check in the amount of $165.00 made payable to plaintiff "Cristo Garcia Santiago"
5.  One check in the amount of $241.73 made payable to plaintiff "Jose Humberto Buitrago"
6.  One check in the amount of $134.40 made payable to plaintiff "Jose Oscar Juarez Ramos"
7.  One check in the amount of $236.13 made payable to plaintiff "Jose Perez Espinal",
8.  One check in the amount of $165.00 made payable to plaintiff "Jose Yat Chic"
9.  One check in the amount of $79.80 made payable to plaintiff "Pedro Ramales"
10. One check in the amount of $279.30 made payable to plaintiff "Pedro Tecun Pol"
11. One check in the amount of $418.80 made payable to plaintiff "Rafael Chacaj Batz"
12. One check in the amount of $229.13 made payable to plaintiff "Raul Antonio Cruz"
13. One check in the amount of $1,166.66 made payable to "Michael Faillace & Associates P.C." as attorneys for Plaintiffs.

.

iii.     Checks in the total amount of Three Thousand Five Hundred Dollars and No Cents ($3,500.00) for immediate deposit within Ninety Days (90) days of court approval of the Agreement.

The payment shall consist 13 separate checks:
1.  One check in the amount of $122.50   made payable to plaintiff "Abraham Velazquez Cuautle"
2.  One check in the amount of $171.73 made payable to plaintiff "Arturo Gil Garita"
3.  One check in the amount of $89.83 made payable to plaintiff "Cesario Vazquez Talavera"
4.  One check in the amount of $165.00 made payable to plaintiff "Cristo Garcia Santiago"
5.  One check in the amount of $241.73 made payable to plaintiff "Jose Humberto Buitrago"
6.  One check in the amount of $134.40 made payable to plaintiff "Jose Oscar Juarez Ramos"
7.  One check in the amount of $236.13 made payable to plaintiff "Jose Perez Espinal",
8.  One check in the amount of $165.00 made payable to plaintiff "Jose Yat Chic"
9.  One check in the amount of $79.80 made payable to plaintiff "Pedro Ramales"
10. One check in the amount of $279.30 made payable to plaintiff "Pedro Tecun Pol"
11. One check in the amount of $418.80 made payable to plaintiff "Rafael Chacaj Batz"
12. One check in the amount of $229.13 made payable to plaintiff "Raul Antonio Cruz"
13. One check in the amount of $1,166.66 made payable to "Michael Faillace & Associates P.C." as attorneys for Plaintiffs.

iv.     Checks in the total amount of Three Thousand Five Hundred Dollars and No Cents ($3,500.00) for immediate deposit within One Hundred Twenty Days (120) days of court approval of the Agreement.

The payment shall consist 13 separate checks:
1.  One check in the amount of $122.50   made payable to plaintiff "Abraham Velazquez Cuautle"
2.  One check in the amount of $171.73 made payable to plaintiff "Arturo Gil Garita"
3.  One check in the amount of $89.83 made payable to plaintiff "Cesario Vazquez Talavera"
4.  One check in the amount of $165.00 made payable to plaintiff "Cristo Garcia Santiago"
5.  One check in the amount of $241.73 made payable to plaintiff "Jose Humberto Buitrago"
6.  One check in the amount of $134.40 made payable to plaintiff "Jose Oscar Juarez

Ramos"

7. One check in the amount of $236.13 made payable to plaintiff "Jose Perez Espinal",
8. One check in the amount of $165.00 made payable to plaintiff "Jose Yat Chic"
9. One check in the amount of $79.80 made payable to plaintiff "Pedro Ramales"
10. One check in the amount of $279.30 made payable to plaintiff "Pedro Tecun Pol"
11. One check in the amount of $418.80 made payable to plaintiff "Rafael Chacaj Batz"
12. One check in the amount of $229.13 made payable to plaintiff "Raul Antonio Cruz"
13. One check in the amount of $1,166.66 made payable to "Michael Faillace & Associates P.C." as attorneys for Plaintiffs.

  v.  Checks in the total amount of Three Thousand Five Hundred Dollars and No Cents ($3,500.00) for immediate deposit within One Hundred Fifty Days (150) days of court approval of the Agreement.

The payment shall consist 13 separate checks:

1. One check in the amount of $122.50   made payable to plaintiff "Abraham Velazquez Cuautle"
2. One check in the amount of $171.73 made payable to plaintiff "Arturo Gil Garita"
3. One check in the amount of $89.83 made payable to plaintiff "Cesario Vazquez Talavera"
4. One check in the amount of $165.00 made payable to plaintiff "Cristo Garcia Santiago"
5. One check in the amount of $241.73 made payable to plaintiff "Jose Humberto Buitrago"
6. One check in the amount of $134.40 made payable to plaintiff "Jose Oscar Juarez Ramos"
7. One check in the amount of $236.13 made payable to plaintiff "Jose Perez Espinal",
8. One check in the amount of $165.00 made payable to plaintiff "Jose Yat Chic"
9. One check in the amount of $79.80 made payable to plaintiff "Pedro Ramales"
10. One check in the amount of $279.30 made payable to plaintiff "Pedro Tecun Pol"
11. One check in the amount of $418.80 made payable to plaintiff "Rafael Chacaj Batz"
12. One check in the amount of $229.13 made payable to plaintiff "Raul Antonio Cruz"
13. One check in the amount of $1,166.66 made payable to "Michael Faillace & Associates P.C." as attorneys for Plaintiffs.

  vi.  Checks in the total amount of Three Thousand Five Hundred Dollars and No Cents ($3,500.00). for immediate deposit within One Hundred Eighty Days (180) days of court approval of the Agreement.

The payment shall consist 13 separate checks:

1. One check in the amount of $122.50   made payable to plaintiff "Abraham Velazquez Cuautle"
2. One check in the amount of $171.73 made payable to plaintiff "Arturo Gil Garita"
3. One check in the amount of $89.83 made payable to plaintiff "Cesario Vazquez Talavera"
4. One check in the amount of $165.00 made payable to plaintiff "Cristo Garcia Santiago"
5. One check in the amount of $241.73 made payable to plaintiff "Jose Humberto Buitrago"
6. One check in the amount of $134.40 made payable to plaintiff "Jose Oscar Juarez Ramos"
7. One check in the amount of $236.13 made payable to plaintiff "Jose Perez Espinal",
8. One check in the amount of $165.00 made payable to plaintiff "Jose Yat Chic"
9. One check in the amount of $79.80 made payable to plaintiff "Pedro Ramales"
10. One check in the amount of $279.30 made payable to plaintiff "Pedro Tecun Pol"

11. One check in the amount of $418.80 made payable to plaintiff "Rafael Chacaj Batz"
12. One check in the amount of $229.13 made payable to plaintiff "Raul Antonio Cruz"
13. One check in the amount of $1,166.66 made payable to "Michael Faillace & Associates P.C." as attorneys for Plaintiffs.

vii.     Checks in the total amount of Three Thousand Five Hundred Dollars and No Cents ($3,500.00) for immediate deposit within Two Hundred Ten Days (210) days of court approval of the Agreement.

The payment shall consist 13 separate checks:
1. One check in the amount of $122.50   made payable to plaintiff "Abraham Velazquez Cuautle"
2. One check in the amount of $171.73 made payable to plaintiff "Arturo Gil Garita"
3. One check in the amount of $89.83 made payable to plaintiff "Cesario Vazquez Talavera"
4. One check in the amount of $165.00 made payable to plaintiff "Cristo Garcia Santiago"
5. One check in the amount of $241.73 made payable to plaintiff "Jose Humberto Buitrago"
6. One check in the amount of $134.40 made payable to plaintiff "Jose Oscar Juarez Ramos"
7. One check in the amount of $236.13 made payable to plaintiff "Jose Perez Espinal",
8. One check in the amount of $165.00 made payable to plaintiff "Jose Yat Chic"
9. One check in the amount of $79.80 made payable to plaintiff "Pedro Ramales"
10. One check in the amount of $279.30 made payable to plaintiff "Pedro Tecun Pol"
11. One check in the amount of $418.80 made payable to plaintiff "Rafael Chacaj Batz"
12. One check in the amount of $229.13 made payable to plaintiff "Raul Antonio Cruz"
13. One check in the amount of $1,166.66 made payable to "Michael Faillace & Associates P.C." as attorneys for Plaintiffs.

viii.    Checks in the total amount of Three Thousand Five Hundred Dollars and No Cents ($3,500.00) for immediate deposit within Two Hundred Forty Days (240) days of court approval of the Agreement.

The payment shall consist 13 separate checks:
1. One check in the amount of $122.50   made payable to plaintiff "Abraham Velazquez Cuautle"
2. One check in the amount of $171.73 made payable to plaintiff "Arturo Gil Garita"
3. One check in the amount of $89.83 made payable to plaintiff "Cesario Vazquez Talavera"
4. One check in the amount of $165.00 made payable to plaintiff "Cristo Garcia Santiago"
5. One check in the amount of $241.73 made payable to plaintiff "Jose Humberto Buitrago"
6. One check in the amount of $134.40 made payable to plaintiff "Jose Oscar Juarez Ramos"
7. One check in the amount of $236.13 made payable to plaintiff "Jose Perez Espinal",
8. One check in the amount of $165.00 made payable to plaintiff "Jose Yat Chic"
9. One check in the amount of $79.80 made payable to plaintiff "Pedro Ramales"
10. One check in the amount of $279.30 made payable to plaintiff "Pedro Tecun Pol"
11. One check in the amount of $418.80 made payable to plaintiff "Rafael Chacaj Batz"
12. One check in the amount of $229.13 made payable to plaintiff "Raul Antonio Cruz"
13. One check in the amount of $1,166.66 made payable to "Michael Faillace & Associates P.C." as attorneys for Plaintiffs.

ix.     Checks in the total amount of Three Thousand Five Hundred Dollars and No Cents ($3,500.00) for immediate deposit within Two Hundred Seventy Days (270) days of court approval of the Agreement.

The payment shall consist 13 separate checks:
1. One check in the amount of $122.50   made payable to plaintiff "Abraham Velazquez Cuautle"
2. One check in the amount of $171.73 made payable to plaintiff "Arturo Gil Garita"
3. One check in the amount of $89.83 made payable to plaintiff "Cesario Vazquez Talavera"
4. One check in the amount of $165.00 made payable to plaintiff "Cristo Garcia Santiago"
5. One check in the amount of $241.73 made payable to plaintiff "Jose Humberto Buitrago"
6. One check in the amount of $134.40 made payable to plaintiff "Jose Oscar Juarez Ramos"
7. One check in the amount of $236.13 made payable to plaintiff "Jose Perez Espinal",
8. One check in the amount of $165.00 made payable to plaintiff "Jose Yat Chic"
9. One check in the amount of $79.80 made payable to plaintiff "Pedro Ramales"
10. One check in the amount of $279.30 made payable to plaintiff "Pedro Tecun Pol"
11. One check in the amount of $418.80 made payable to plaintiff "Rafael Chacaj Batz"
12. One check in the amount of $229.13 made payable to plaintiff "Raul Antonio Cruz"
13. One check in the amount of $1,166.66 made payable to "Michael Faillace & Associates P.C." as attorneys for Plaintiffs.

x.     Checks in the total amount of Three Thousand Five Hundred Dollars and No Cents ($3,500.00) for immediate deposit within Three Hundred Days (300) days of court approval of the Agreement.

The payment shall consist 13 separate checks:
1. One check in the amount of $122.50   made payable to plaintiff "Abraham Velazquez Cuautle"
2. One check in the amount of $171.73 made payable to plaintiff "Arturo Gil Garita"
3. One check in the amount of $89.83 made payable to plaintiff "Cesario Vazquez Talavera"
4. One check in the amount of $165.00 made payable to plaintiff "Cristo Garcia Santiago"
5. One check in the amount of $241.73 made payable to plaintiff "Jose Humberto Buitrago"
6. One check in the amount of $134.40 made payable to plaintiff "Jose Oscar Juarez Ramos"
7. One check in the amount of $236.13 made payable to plaintiff "Jose Perez Espinal",
8. One check in the amount of $165.00 made payable to plaintiff "Jose Yat Chic"
9. One check in the amount of $79.80 made payable to plaintiff "Pedro Ramales"
10. One check in the amount of $279.30 made payable to plaintiff "Pedro Tecun Pol"
11. One check in the amount of $418.80 made payable to plaintiff "Rafael Chacaj Batz"
12. One check in the amount of $229.13 made payable to plaintiff "Raul Antonio Cruz"
13. One check in the amount of $1,166.66 made payable to "Michael Faillace & Associates P.C." as attorneys for Plaintiffs.

xi.     Checks in the total amount of Three Thousand Five Hundred Dollars and No Cents ($3,500.00) for immediate deposit within Three Hundred Thirty Days (330) days of court approval of the Agreement.

The payment shall consist 13 separate checks:

1. One check in the amount of $122.50   made payable to plaintiff "Abraham Velazquez Cuautle"
2. One check in the amount of $171.73 made payable to plaintiff "Arturo Gil Garita"
3. One check in the amount of $89.83 made payable to plaintiff "Cesario Vazquez Talavera"
4. One check in the amount of $165.00 made payable to plaintiff "Cristo Garcia Santiago"
5. One check in the amount of $241.73 made payable to plaintiff "Jose Humberto Buitrago"
6. One check in the amount of $134.40 made payable to plaintiff "Jose Oscar Juarez Ramos"
7. One check in the amount of $236.13 made payable to plaintiff "Jose Perez Espinal",
8. One check in the amount of $165.00 made payable to plaintiff "Jose Yat Chic"
9. One check in the amount of $79.80 made payable to plaintiff "Pedro Ramales"
10. One check in the amount of $279.30 made payable to plaintiff "Pedro Tecun Pol"
11. One check in the amount of $418.80 made payable to plaintiff "Rafael Chacaj Batz"
12. One check in the amount of $229.13 made payable to plaintiff "Raul Antonio Cruz"
13. One check in the amount of $1,166.66 made payable to "Michael Faillace & Associates P.C." as attorneys for Plaintiffs.

xii.     Checks in the total amount of Three Thousand Five Hundred Dollars and No Cents ($3,500.00) for immediate deposit within Three Hundred Sixty Days (360) days of court approval of the Agreement,.

The payment shall consist 13 separate checks:

1. One check in the amount of $122.50   made payable to plaintiff "Abraham Velazquez Cuautle"
2. One check in the amount of $171.73 made payable to plaintiff "Arturo Gil Garita"
3. One check in the amount of $89.83 made payable to plaintiff "Cesario Vazquez Talavera"
4. One check in the amount of $165.00 made payable to plaintiff "Cristo Garcia Santiago"
5. One check in the amount of $241.73 made payable to plaintiff "Jose Humberto Buitrago"
6. One check in the amount of $134.40 made payable to plaintiff "Jose Oscar Juarez Ramos"
7. One check in the amount of $236.13 made payable to plaintiff "Jose Perez Espinal",
8. One check in the amount of $165.00 made payable to plaintiff "Jose Yat Chic"
9. One check in the amount of $79.80 made payable to plaintiff "Pedro Ramales"
10. One check in the amount of $279.30 made payable to plaintiff "Pedro Tecun Pol"
11. One check in the amount of $418.80 made payable to plaintiff "Rafael Chacaj Batz"
12. One check in the amount of $229.13 made payable to plaintiff "Raul Antonio Cruz"
13. One check in the amount of $1,166.66 made payable to "Michael Faillace & Associates P.C." as attorneys for Plaintiffs.

xiii.     Checks in the total amount of Three Thousand Five Hundred Dollars and No Cents ($3,500.00). for immediate deposit within Three Hundred Ninety Days (390) days of court approval of the Agreement.

The payment shall consist 13 separate checks:

1. One check in the amount of $122.50   made payable to plaintiff "Abraham Velazquez Cuautle"

    2.  One check in the amount of $171.73 made payable to plaintiff "Arturo Gil Garita"
    3.  One check in the amount of $89.83 made payable to plaintiff "Cesario Vazquez Talavera"
    4.  One check in the amount of $165.00 made payable to plaintiff "Cristo Garcia Santiago"
    5.  One check in the amount of $241.73 made payable to plaintiff "Jose Humberto Buitrago"
    6.  One check in the amount of $134.40 made payable to plaintiff "Jose Oscar Juarez Ramos"
    7.  One check in the amount of $236.13 made payable to plaintiff "Jose Perez Espinal",
    8.  One check in the amount of $165.00 made payable to plaintiff "Jose Yat Chic"
    9.  One check in the amount of $79.80 made payable to plaintiff "Pedro Ramales"
    10. One check in the amount of $279.30 made payable to plaintiff "Pedro Tecun Pol"
    11. One check in the amount of $418.80 made payable to plaintiff "Rafael Chacaj Batz"
    12. One check in the amount of $229.13 made payable to plaintiff "Raul Antonio Cruz"
    13. One check in the amount of $1,166.66 made payable to "Michael Faillace & Associates P.C." as attorneys for Plaintiffs.

        xiv.    Checks in the total amount of Three Thousand Five Hundred Dollars and No Cents ($3,500.00) for immediate deposit within Four Hundred Twenty Days (420) days of court approval of the Agreement.

    The payment shall consist 13 separate checks:
    1.  One check in the amount of $122.50   made payable to plaintiff "Abraham Velazquez Cuautle"
    2.  One check in the amount of $171.73 made payable to plaintiff "Arturo Gil Garita"
    3.  One check in the amount of $89.83 made payable to plaintiff "Cesario Vazquez Talavera"
    4.  One check in the amount of $165.00 made payable to plaintiff "Cristo Garcia Santiago"
    5.  One check in the amount of $241.73 made payable to plaintiff "Jose Humberto Buitrago"
    6.  One check in the amount of $134.40 made payable to plaintiff "Jose Oscar Juarez Ramos"
    7.  One check in the amount of $236.13 made payable to plaintiff "Jose Perez Espinal",
    8.  One check in the amount of $165.00 made payable to plaintiff "Jose Yat Chic"
    9.  One check in the amount of $79.80 made payable to plaintiff "Pedro Ramales"
    10. One check in the amount of $279.30 made payable to plaintiff "Pedro Tecun Pol"
    11. One check in the amount of $418.80 made payable to plaintiff "Rafael Chacaj Batz"
    12. One check in the amount of $229.13 made payable to plaintiff "Raul Antonio Cruz"
    13. One check in the amount of $1,166.66 made payable to "Michael Faillace & Associates P.C." as attorneys for Plaintiffs.

        xv.    Checks in the total amount of Three Thousand Five Hundred Dollars and No Cents ($3,500.00) for immediate deposit within Four Hundred Fifty Days (450) days of court approval of the Agreement.

    The payment shall consist 13 separate checks:
    1.  One check in the amount of $122.50   made payable to plaintiff "Abraham Velazquez Cuautle"
    2.  One check in the amount of $171.73 made payable to plaintiff "Arturo Gil Garita"
    3.  One check in the amount of $89.83 made payable to plaintiff "Cesario Vazquez Talavera"
    4.  One check in the amount of $165.00 made payable to plaintiff "Cristo Garcia Santiago"
    5.  One check in the amount of $241.73 made payable to plaintiff "Jose Humberto Buitrago"
    6.  One check in the amount of $134.40 made payable to plaintiff "Jose Oscar Juarez

Ramos"

7.   One check in the amount of $236.13 made payable to plaintiff "Jose Perez Espinal",
8.   One check in the amount of $165.00 made payable to plaintiff "Jose Yat Chic"
9.   One check in the amount of $79.80 made payable to plaintiff "Pedro Ramales"
10. One check in the amount of $279.30 made payable to plaintiff "Pedro Tecun Pol"
11. One check in the amount of $418.80 made payable to plaintiff "Rafael Chacaj Batz"
12. One check in the amount of $229.13 made payable to plaintiff "Raul Antonio Cruz"
13. One check in the amount of $1,166.66 made payable to "Michael Faillace & Associates
      P.C." as attorneys for Plaintiffs.

xvi.   Checks in the total amount of Three Thousand Five Hundred Dollars and No Cents ($3,500.00) for immediate deposit within Four Hundred Eight Days (480) days of court approval of the Agreement.

The payment shall consist 13 separate checks:

1.   One check in the amount of $122.50   made payable to plaintiff "Abraham Velazquez
      Cuautle"
2.   One check in the amount of $171.73 made payable to plaintiff "Arturo Gil Garita"
3.   One check in the amount of $89.83 made payable to plaintiff "Cesario Vazquez Talavera"
4.   One check in the amount of $165.00 made payable to plaintiff "Cristo Garcia Santiago"
5.   One check in the amount of $241.73 made payable to plaintiff "Jose Humberto Buitrago"
6.   One check in the amount of $134.40 made payable to plaintiff "Jose Oscar Juarez
      Ramos"
7.   One check in the amount of $236.13 made payable to plaintiff "Jose Perez Espinal",
8.   One check in the amount of $165.00 made payable to plaintiff "Jose Yat Chic"
9.   One check in the amount of $79.80 made payable to plaintiff "Pedro Ramales"
10. One check in the amount of $279.30 made payable to plaintiff "Pedro Tecun Pol"
11. One check in the amount of $418.80 made payable to plaintiff "Rafael Chacaj Batz"
12. One check in the amount of $229.13 made payable to plaintiff "Raul Antonio Cruz"
13. One check in the amount of $1,166.66 made payable to "Michael Faillace & Associates
      P.C." as attorneys for Plaintiffs.

xvii.   Checks in the total amount of Three Thousand Five Hundred Dollars and No Cents ($3,500.00) for immediate deposit within Five Hundred Ten Days (510) days of court approval of the Agreement.

The payment shall consist 13 separate checks:

1.   One check in the amount of $122.50   made payable to plaintiff "Abraham Velazquez
      Cuautle"
2.   One check in the amount of $171.73 made payable to plaintiff "Arturo Gil Garita"
3.   One check in the amount of $89.83 made payable to plaintiff "Cesario Vazquez Talavera"
4.   One check in the amount of $165.00 made payable to plaintiff "Cristo Garcia Santiago"
5.   One check in the amount of $241.73 made payable to plaintiff "Jose Humberto Buitrago"
6.   One check in the amount of $134.40 made payable to plaintiff "Jose Oscar Juarez
      Ramos"
7.   One check in the amount of $236.13 made payable to plaintiff "Jose Perez Espinal",
8.   One check in the amount of $165.00 made payable to plaintiff "Jose Yat Chic"
9.   One check in the amount of $79.80 made payable to plaintiff "Pedro Ramales"
10. One check in the amount of $279.30 made payable to plaintiff "Pedro Tecun Pol"

11. One check in the amount of $418.80 made payable to plaintiff "Rafael Chacaj Batz"
12. One check in the amount of $229.13 made payable to plaintiff "Raul Antonio Cruz"
13. One check in the amount of $1,166.66 made payable to "Michael Faillace & Associates P.C." as attorneys for Plaintiffs.

xviii.   Checks in the total amount of Three Thousand Five Hundred Dollars and No Cents ($3,500.00) for immediate deposit within Five Hundred Forty Days (540) days of court approval of the Agreement.

The payment shall consist 13 separate checks:
1. One check in the amount of $122.50   made payable to plaintiff "Abraham Velazquez Cuautle"
2. One check in the amount of $171.73 made payable to plaintiff "Arturo Gil Garita"
3. One check in the amount of $89.83 made payable to plaintiff "Cesario Vazquez Talavera"
4. One check in the amount of $165.00 made payable to plaintiff "Cristo Garcia Santiago"
5. One check in the amount of $241.73 made payable to plaintiff "Jose Humberto Buitrago"
6. One check in the amount of $134.40 made payable to plaintiff "Jose Oscar Juarez Ramos"
7. One check in the amount of $236.13 made payable to plaintiff "Jose Perez Espinal",
8. One check in the amount of $165.00 made payable to plaintiff "Jose Yat Chic"
9. One check in the amount of $79.80 made payable to plaintiff "Pedro Ramales"
10. One check in the amount of $279.30 made payable to plaintiff "Pedro Tecun Pol"
11. One check in the amount of $418.80 made payable to plaintiff "Rafael Chacaj Batz"
12. One check in the amount of $229.13 made payable to plaintiff "Raul Antonio Cruz"
13. One check in the amount of $1,166.66 made payable to "Michael Faillace & Associates P.C." as attorneys for Plaintiffs.

xix.   Checks in the total amount of Three Thousand Five Hundred Dollars and No Cents ($3,500.00) for immediate deposit within Five Hundred Seventy Days (570) days of court approval of the Agreement.

The payment shall consist 13 separate checks:
1. One check in the amount of $122.50   made payable to plaintiff "Abraham Velazquez Cuautle"
2. One check in the amount of $171.73 made payable to plaintiff "Arturo Gil Garita"
3. One check in the amount of $89.83 made payable to plaintiff "Cesario Vazquez Talavera"
4. One check in the amount of $165.00 made payable to plaintiff "Cristo Garcia Santiago"
5. One check in the amount of $241.73 made payable to plaintiff "Jose Humberto Buitrago"
6. One check in the amount of $134.40 made payable to plaintiff "Jose Oscar Juarez Ramos"
7. One check in the amount of $236.13 made payable to plaintiff "Jose Perez Espinal",
8. One check in the amount of $165.00 made payable to plaintiff "Jose Yat Chic"
9. One check in the amount of $79.80 made payable to plaintiff "Pedro Ramales"
10. One check in the amount of $279.30 made payable to plaintiff "Pedro Tecun Pol"
11. One check in the amount of $418.80 made payable to plaintiff "Rafael Chacaj Batz"
12. One check in the amount of $229.13 made payable to plaintiff "Raul Antonio Cruz"
13. One check in the amount of $1,166.66 made payable to "Michael Faillace & Associates P.C." as attorneys for Plaintiffs.

xx.    Checks in the total amount of Three Thousand Five Hundred Dollars and No Cents ($3,500.00) for immediate deposit within Six Hundred Days (600) days of court approval of the Agreement.

The payment shall consist 13 separate checks:
1. One check in the amount of $122.50   made payable to plaintiff "Abraham Velazquez Cuautle"
2. One check in the amount of $171.73 made payable to plaintiff "Arturo Gil Garita"
3. One check in the amount of $89.83 made payable to plaintiff "Cesario Vazquez Talavera"
4. One check in the amount of $165.00 made payable to plaintiff "Cristo Garcia Santiago"
5. One check in the amount of $241.73 made payable to plaintiff "Jose Humberto Buitrago"
6. One check in the amount of $134.40 made payable to plaintiff "Jose Oscar Juarez Ramos"
7. One check in the amount of $236.13 made payable to plaintiff "Jose Perez Espinal",
8. One check in the amount of $165.00 made payable to plaintiff "Jose Yat Chic"
9. One check in the amount of $79.80 made payable to plaintiff "Pedro Ramales"
10. One check in the amount of $279.30 made payable to plaintiff "Pedro Tecun Pol"
11. One check in the amount of $418.80 made payable to plaintiff "Rafael Chacaj Batz"
12. One check in the amount of $229.13 made payable to plaintiff "Raul Antonio Cruz"
13. One check in the amount of $1,166.66 made payable to "Michael Faillace & Associates P.C." as attorneys for Plaintiffs.

xxi.    Checks in the total amount of Three Thousand Five Hundred Dollars and No Cents ($3,500.00) for immediate deposit within Six Hundred Thirty Days (630) days of court approval of the Agreement.

The payment shall consist on 13 separate checks:
1. One check in the amount of $122.50   made payable to plaintiff "Abraham Velazquez Cuautle"
2. One check in the amount of $171.73 made payable to plaintiff "Arturo Gil Garita"
3. One check in the amount of $89.83 made payable to plaintiff "Cesario Vazquez Talavera"
4. One check in the amount of $165.00 made payable to plaintiff "Cristo Garcia Santiago"
5. One check in the amount of $241.73 made payable to plaintiff "Jose Humberto Buitrago"
6. One check in the amount of $134.40 made payable to plaintiff "Jose Oscar Juarez Ramos"
7. One check in the amount of $236.13 made payable to plaintiff "Jose Perez Espinal",
8. One check in the amount of $165.00 made payable to plaintiff "Jose Yat Chic"
9. One check in the amount of $79.80 made payable to plaintiff "Pedro Ramales"
10. One check in the amount of $279.30 made payable to plaintiff "Pedro Tecun Pol"
11. One check in the amount of $418.80 made payable to plaintiff "Rafael Chacaj Batz"
12. One check in the amount of $229.13 made payable to plaintiff "Raul Antonio Cruz"
13. One check in the amount of $1,166.66 made payable to "Michael Faillace & Associates P.C." as attorneys for Plaintiffs.

xxii.    Checks in the total amount of Three Thousand Five Hundred Dollars and No Cents ($3,500.00) for immediate deposit within Six Hundred Sixty Days (660) days of court approval of the Agreement.

The payment shall consist 13 separate checks:

1. One check in the amount of $122.50   made payable to plaintiff "Abraham Velazquez Cuautle"
2. One check in the amount of $171.73 made payable to plaintiff "Arturo Gil Garita"
3. One check in the amount of $89.83 made payable to plaintiff "Cesario Vazquez Talavera"
4. One check in the amount of $165.00 made payable to plaintiff "Cristo Garcia Santiago"
5. One check in the amount of $241.73 made payable to plaintiff "Jose Humberto Buitrago"
6. One check in the amount of $134.40 made payable to plaintiff "Jose Oscar Juarez Ramos"
7. One check in the amount of $236.13 made payable to plaintiff "Jose Perez Espinal",
8. One check in the amount of $165.00 made payable to plaintiff "Jose Yat Chic"
9. One check in the amount of $79.80 made payable to plaintiff "Pedro Ramales"
10. One check in the amount of $279.30 made payable to plaintiff "Pedro Tecun Pol"
11. One check in the amount of $418.80 made payable to plaintiff "Rafael Chacaj Batz"
12. One check in the amount of $229.13 made payable to plaintiff "Raul Antonio Cruz"
13. One check in the amount of $1,166.66 made payable to "Michael Faillace & Associates P.C." as attorneys for Plaintiffs.

xxiii.   Checks in the total amount of Three Thousand Five Hundred Dollars and No Cents ($3,500.00) for immediate deposit within Six Hundred Ninety Days (690) days of court approval of the Agreement.

The payment shall consist 13 separate checks:
1. One check in the amount of $122.50   made payable to plaintiff "Abraham Velazquez Cuautle"
2. One check in the amount of $171.73 made payable to plaintiff "Arturo Gil Garita"
3. One check in the amount of $89.83 made payable to plaintiff "Cesario Vazquez Talavera"
4. One check in the amount of $165.00 made payable to plaintiff "Cristo Garcia Santiago"
5. One check in the amount of $241.73 made payable to plaintiff "Jose Humberto Buitrago"
6. One check in the amount of $134.40 made payable to plaintiff "Jose Oscar Juarez Ramos"
7. One check in the amount of $236.13 made payable to plaintiff "Jose Perez Espinal",
8. One check in the amount of $165.00 made payable to plaintiff "Jose Yat Chic"
9. One check in the amount of $79.80 made payable to plaintiff "Pedro Ramales"
10. One check in the amount of $279.30 made payable to plaintiff "Pedro Tecun Pol"
11. One check in the amount of $418.80 made payable to plaintiff "Rafael Chacaj Batz"
12. One check in the amount of $229.13 made payable to plaintiff "Raul Antonio Cruz"
13. One check in the amount of $1,166.66 made payable to "Michael Faillace & Associates P.C." as attorneys for Plaintiffs.

xxiv.   Checks in the total amount of Three Thousand Five Hundred Dollars and No Cents ($3,500.00) for immediate deposit within Seven Hundred Twenty Days (720) days of court approval of the Agreement.

The payment shall consist 13 separate checks:
1. One check in the amount of $122.50   made payable to plaintiff "Abraham Velazquez Cuautle"
2. One check in the amount of $171.73 made payable to plaintiff "Arturo Gil Garita"
3. One check in the amount of $89.83 made payable to plaintiff "Cesario Vazquez Talavera"
4. One check in the amount of $165.00 made payable to plaintiff "Cristo Garcia Santiago"

5. One check in the amount of $241.73 made payable to plaintiff "Jose Humberto Buitrago"
6. One check in the amount of $134.40 made payable to plaintiff "Jose Oscar Juarez Ramos"
7. One check in the amount of $236.13 made payable to plaintiff "Jose Perez Espinal",
8. One check in the amount of $165.00 made payable to plaintiff "Jose Yat Chic"
9. One check in the amount of $79.80 made payable to plaintiff "Pedro Ramales"
10. One check in the amount of $279.30 made payable to plaintiff "Pedro Tecun Pol"
11. One check in the amount of $418.80 made payable to plaintiff "Rafael Chacaj Batz"
12. One check in the amount of $229.13 made payable to plaintiff "Raul Antonio Cruz"
13. One check in the amount of $1,166.66 made payable to "Michael Faillace & Associates P.C." as attorneys for Plaintiffs.

xxv. Checks in the total amount of Three Thousand Five Hundred Dollars and No Cents ($3,500.00) for immediate deposit within Seven Hundred Fifty Days (750) days of court approval of the Agreement.

The payment shall consist 13 separate checks:
1. One check in the amount of $122.50   made payable to plaintiff "Abraham Velazquez Cuautle"
2. One check in the amount of $171.73 made payable to plaintiff "Arturo Gil Garita"
3. One check in the amount of $89.83 made payable to plaintiff "Cesario Vazquez Talavera"
4. One check in the amount of $165.00 made payable to plaintiff "Cristo Garcia Santiago"
5. One check in the amount of $241.73 made payable to plaintiff "Jose Humberto Buitrago"
6. One check in the amount of $134.40 made payable to plaintiff "Jose Oscar Juarez Ramos"
7. One check in the amount of $236.13 made payable to plaintiff "Jose Perez Espinal",
8. One check in the amount of $165.00 made payable to plaintiff "Jose Yat Chic"
9. One check in the amount of $79.80 made payable to plaintiff "Pedro Ramales"
10. One check in the amount of $279.30 made payable to plaintiff "Pedro Tecun Pol"
11. One check in the amount of $418.80 made payable to plaintiff "Rafael Chacaj Batz"
12. One check in the amount of $229.13 made payable to plaintiff "Raul Antonio Cruz"
13. One check in the amount of $1,166.66 made payable to "Michael Faillace & Associates P.C." as attorneys for Plaintiffs.

xxvi. Checks in the total amount of Three Thousand Five Hundred Dollars and No Cents ($3,500.00) for immediate deposit within Seven Hundred Eighty Days (780) days of court approval of the Agreement.

The payment shall consist 13 separate checks:
1. One check in the amount of $122.50   made payable to plaintiff "Abraham Velazquez Cuautle"
2. One check in the amount of $171.73 made payable to plaintiff "Arturo Gil Garita"
3. One check in the amount of $89.83 made payable to plaintiff "Cesario Vazquez Talavera"
4. One check in the amount of $165.00 made payable to plaintiff "Cristo Garcia Santiago"
5. One check in the amount of $241.73 made payable to plaintiff "Jose Humberto Buitrago"
6. One check in the amount of $134.40 made payable to plaintiff "Jose Oscar Juarez Ramos"
7. One check in the amount of $236.13 made payable to plaintiff "Jose Perez Espinal",
8. One check in the amount of $165.00 made payable to plaintiff "Jose Yat Chic"

13

      9.  One check in the amount of $79.80 made payable to plaintiff "Pedro Ramales"

     10.  One check in the amount of $279.30 made payable to plaintiff "Pedro Tecun Pol"

     11.  One check in the amount of  $418.80 made payable to plaintiff "Rafael Chacaj Batz"

     12.  One check in the amount of $229.13 made payable to plaintiff "Raul Antonio Cruz"

     13.  One check in the amount of $1,166.66 made payable to "Michael Faillace & Associates P.C." as attorneys for Plaintiffs.

     xxvii. Checks in the total amount of Three Thousand Five Hundred Dollars and No Cents ($3,500.00) for immediate deposit within Eight Hundred Ten Days (810) days of court approval of the Agreement.

     The payment shall consist 13 separate checks:

       1.  One check in the amount of $122.50   made payable to plaintiff "Abraham Velazquez Cuautle"

       2.  One check in the amount of $171.73 made payable to plaintiff "Arturo Gil Garita"

       3.  One check in the amount of $89.83 made payable to plaintiff "Cesario Vazquez Talavera"

       4.  One check in the amount of $165.00 made payable to plaintiff "Cristo Garcia Santiago"

       5.  One check in the amount of $241.73 made payable to plaintiff "Jose Humberto Buitrago"

       6.  One check in the amount of $134.40 made payable to plaintiff "Jose Oscar Juarez Ramos"

       7.  One check in the amount of $236.13 made payable to plaintiff "Jose Perez Espinal",

       8.  One check in the amount of $165.00 made payable to plaintiff "Jose Yat Chic"

       9.  One check in the amount of $79.80 made payable to plaintiff "Pedro Ramales"

     10.  One check in the amount of $279.30 made payable to plaintiff "Pedro Tecun Pol"

     11.  One check in the amount of $418.80 made payable to plaintiff "Rafael Chacaj Batz"

     12.  One check in the amount of $229.13 made payable to plaintiff "Raul Antonio Cruz"

     13.  One check in the amount of $1,166.66 made payable to "Michael Faillace & Associates P.C." as attorneys for Plaintiffs.

     xxviii. Checks in the total amount of Three Thousand Five Hundred Dollars and No Cents ($3,500.00) for immediate deposit within Eight Hundred Forty Days (840) days of court approval of the Agreement.

     The payment shall consist 13 separate checks:

       1.  One check in the amount of $122.50   made payable to plaintiff "Abraham Velazquez Cuautle"

       2.  One check in the amount of $171.73 made payable to plaintiff "Arturo Gil Garita"

       3.  One check in the amount of $89.83 made payable to plaintiff "Cesario Vazquez Talavera"

       4.  One check in the amount of $165.00 made payable to plaintiff "Cristo Garcia Santiago"

       5.  One check in the amount of $241.73 made payable to plaintiff "Jose Humberto Buitrago"

       6.  One check in the amount of $134.40 made payable to plaintiff "Jose Oscar Juarez Ramos"

       7.  One check in the amount of $236.13 made payable to plaintiff "Jose Perez Espinal",

       8.  One check in the amount of $165.00 made payable to plaintiff "Jose Yat Chic"

       9.  One check in the amount of $79.80 made payable to plaintiff "Pedro Ramales"

     10.  One check in the amount of $279.30 made payable to plaintiff "Pedro Tecun Pol"

     11.  One check in the amount of $418.80 made payable to plaintiff "Rafael Chacaj Batz"

     12.  One check in the amount of $229.13 made payable to plaintiff "Raul Antonio Cruz"

     13.  One check in the amount of $1,166.66 made payable to "Michael Faillace & Associates

P.C." as attorneys for Plaintiffs.

xxix. Checks in the total amount of Three Thousand Five Hundred Dollars and No Cents ($3,500.00) for immediate deposit within Eight Hundred Seventy Days (870) days of court approval of the Agreement.

The payment shall consist 13 separate checks:
1. One check in the amount of $122.50   made payable to plaintiff "Abraham Velazquez Cuautle"
2. One check in the amount of $171.73 made payable to plaintiff "Arturo Gil Garita"
3. One check in the amount of $89.83 made payable to plaintiff "Cesario Vazquez Talavera"
4. One check in the amount of $165.00 made payable to plaintiff "Cristo Garcia Santiago"
5. One check in the amount of $241.73 made payable to plaintiff "Jose Humberto Buitrago"
6. One check in the amount of $134.40 made payable to plaintiff "Jose Oscar Juarez Ramos"
7. One check in the amount of $236.13 made payable to plaintiff "Jose Perez Espinal",
8. One check in the amount of $165.00 made payable to plaintiff "Jose Yat Chic"
9. One check in the amount of $79.80 made payable to plaintiff "Pedro Ramales"
10. One check in the amount of $279.30 made payable to plaintiff "Pedro Tecun Pol"
11. One check in the amount of $418.80 made payable to plaintiff "Rafael Chacaj Batz"
12. One check in the amount of $229.13 made payable to plaintiff "Raul Antonio Cruz"
13. One check in the amount of $1,166.66 made payable to "Michael Faillace & Associates P.C." as attorneys for Plaintiffs.

xxx. Checks in the total amount of Three Thousand Five Hundred Dollars and No Cents ($3,500.00) for immediate deposit within Nine Hundred Days (900) days of court approval of the Agreement.

The payment shall consist 13 separate checks:
1. One check in the amount of $122.50   made payable to plaintiff "Abraham Velazquez Cuautle"
2. One check in the amount of $171.73 made payable to plaintiff "Arturo Gil Garita"
3. One check in the amount of $89.83 made payable to plaintiff "Cesario Vazquez Talavera"
4. One check in the amount of $165.00 made payable to plaintiff "Cristo Garcia Santiago"
5. One check in the amount of $241.73 made payable to plaintiff "Jose Humberto Buitrago"
6. One check in the amount of $134.40 made payable to plaintiff "Jose Oscar Juarez Ramos"
7. One check in the amount of $236.13 made payable to plaintiff "Jose Perez Espinal",
8. One check in the amount of $165.00 made payable to plaintiff "Jose Yat Chic"
9. One check in the amount of $79.80 made payable to plaintiff "Pedro Ramales"
10. One check in the amount of $279.30 made payable to plaintiff "Pedro Tecun Pol"
11. One check in the amount of $418.80 made payable to plaintiff "Rafael Chacaj Batz"
12. One check in the amount of $229.13 made payable to plaintiff "Raul Antonio Cruz"
13. One check in the amount of $1,166.66 made payable to "Michael Faillace & Associates P.C." as attorneys for Plaintiffs.

The payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq. and Associates, P.C., at 60 East 42nd Street, Suite 4510, New York, NY 10165.

15

2.      The Court shall dismiss this Litigation with prejudice, in the form set forth in Exhibit A to this Agreement.

3.      (a)      In the event that the Settlement Amount is not paid by the payment date set forth above, or any check fails to clear (i.e., bounces) on its respective payment date, Plaintiffs' counsel shall serve a written notice ("Default Notice") upon counsel for Defendants, by email and certified mail, and the Defendants shall have ten (10) business days from the date of receipt of the Default Notice to cure the default by making such payment together with an additional amount of $50.00 to reimburse Plaintiffs' counsel for the time and costs of each such bounced check. Upon Defendants' failure to cure a default within ten (10) business days of delivery of the Default Notice, counsel for Plaintiffs may immediately file the Affidavits of Confession of Judgment annexed hereto as Exhibit A.

(b) Plaintiffs and Plaintiffs' counsel shall be solely responsible for any taxes resulting from the payments received under this Settlement Agreement that are not subject to withholding by the Defendants. Plaintiffs shall indemnify and hold each of the Defendants harmless to the fullest extent permitted by law, including the payment of any damages, penalties, interest, attorneys' fees and/or judgments that may be incurred by Defendants resulting from payments under this Agreement.

4.      <u>Failure to Pay</u>: Defendants shall execute Confessions of Judgment in the form of Exhibit A attached hereto entitling Plaintiffs to recover from Defendants jointly and severally: (i) all outstanding unpaid amount(s) arising under this Agreement; (ii) interest at the rate of 9% per annum under the New York Civil Practice Law and Rules accruing from the date in which their obligations to make the payments is breached; (iii) 150% times any remaining amounts owed; and (iv) reasonable attorneys' fees and costs incurred in any action or proceeding to enforce the payment terms of the Agreement. Defendants shall deliver to Michael A. Faillace, Esq. and Associates, P.C. the executed and notarized original Confessions of Judgment contemporaneously with Defendants' execution of this Agreement.

5.      <u>Releases</u>

(a)      **Release by Plaintiffs.** Each Plaintiff knowingly and voluntarily releases and forever discharge Defendants, and any of their current or former predecessors or successors, or former or current related corporations, partners, affiliates, subsidiaries, divisions, successors and assigns thereof, officers, directors and agents of and from any and all wage and hour, claims, actions, causes of action, demands, costs and expenses for damages and claims, known and unknown, accrued or unaccrued which such Plaintiff, his heirs, executors, administrators, successors and assigns have had or may have against Defendants, including, but not limited to, any alleged wage and hour claim or any alleged wage and hour violation of: Any federal, state or local wage and hour, employment or labor law, regulation or ordinance, the Fair Labor Standards Act, as amended, the New York Labor Law, for any claims for loss of income, loss of benefits, compensatory damages, punitive damages or liquidated damages and any claim for costs, fees, or other expenses, including attorneys' fees. Nothing herein contained shall constitute a release by such Plaintiff of any claims as to which the law prohibits a release.

5.      <u>No Admission of Wrongdoing</u>:   This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or

of any violation of any statute, regulation, duty, contract, right or order.

6.     Modification of the Agreement:  This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

7.     Acknowledgment:     Plaintiffs acknowledge that they have been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement. Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

8.     Notices:     Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof.  Notice hereunder shall be delivered to:


To Plaintiffs:

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com


To Defendants:

Jonathan Sue, Esq.
LAW OFFICES OF JONATHAN Y. SUE, PLLC
303 Fifth Avenue, Suite 1302
New York, NY 10016
Tel:     (212) 967-1001
Email:  js@jyspllc.com and dp@jyspllc.com




9.     Governing Law:  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

10.     Enforceability:  If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or

unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

11.    Release Notification: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of wage and hour claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiffs acknowledge that it is their choice to waive any potential wage and hour claims in return for the benefits set forth herein and that they made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

12.    Accord and Satisfaction: Should any action or proceeding be instituted by any of the Plaintiffs with respect to matters herein settled, released or waived pursuant to this Agreement, other than an action or proceeding to enforce the terms of this Agreement, this Agreement shall be deemed a full accord, satisfaction and settlement of any such claim(s) and sufficient basis for immediate dismissal.

13.    No Assignment: Plaintiffs represent and warrant that they have not assigned, transferred, or purported to assign or transfer, to any person or entity, any Released Claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action and no lien exists therein.

14.    Entire Agreement: This Agreement and all attachments constitute the entire Agreement between the Parties. All prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into and superseded by this Agreement. There are no representations, warranties, understandings, or agreements other than those expressly set forth in this Agreement.

15.    Waiver: Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any time or all times.

16.    Modification: This Agreement and Release may not be modified, altered or otherwise changed except by a written agreement signed and notarized by the affected by the modification, alteration, or change.

17.    Binding Effect: This Agreement shall be binding upon and inure to the benefit of the Parties, and the Parties' heirs, trustees, executors, administrators, successors, and assigns of the respective Parties.

18.    Construction: The terms and conditions of this Agreement have been negotiated by mutual agreement of the Parties. Therefore, the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

20. <u>Attorneys' Fees and Costs</u>:  Except as specifically provided elsewhere in this Agreement, each Party shall be solely responsible for its or their own attorneys' fees and costs in connection with the Litigation.  However, the prevailing Party shall be entitled to recover all reasonable attorneys' fees and costs incurred in the prosecution of any action to enforce the terms of this Agreement.

21. <u>Fair and Reasonable Settlement</u>: The Parties agree that this Agreement and the payments called for by this Agreement are fair and reasonable to all Parties, and that those payments and the other terms of this Agreement constitute a fair and reasonable settlement of the claims made in the Litigation. The Parties also agree that there was no undue influence, duress, overreaching, collusion, or intimidation in reaching this Agreement, and that both Parties have sought and received the advice of competent counsel as to the meaning and effect of each of the terms of this Agreement before agreeing to sign it.

22. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.  This agreement may also be executed by facsimile transmission.

<u>Plaintiffs</u>:

<u>PLAINTIFFS:</u>

By: _____          Date: _09/17/9_
     ABRAHAN VELAZQUEZ CUAUTLE

By: _____          Date: _9/13/19_
     ARTURO GIL GARITA

By: _____          Date: _9/23/19_
     CESARIO VASQUEZ TALAVERA

By: _____          Date: _9/16/19_
     CRISTO GARCIA SANTIAGO

By: _Jose H. Becerra B._                      Date: _9/16/19_
     JOSE HUMBERTO BECERRA BUITRAGO

By: _____   Date: 9 25 19
JOSE OSCAR JUAREZ RAMOS

By: _____   Date: 9/23/19
JOSE PEREZ ESPINAL

By: _____   Date: 9/23/19
JOSE YAT CHIC
(A.K.A. EDGAR CASTRO)

By: _____   Date: 9/20/19
PEDRO RAMALES

By: _____   Date: 10-11-19
PEDRO TECUN POL

By: _____   Date: 9/23/19
RAFAEL PASCUAL CHACAJ BATZ
(A.K.A. EDGAR PEREZ)

By: _____   Date: 9-20 19
RAUL ANTONIO

Defendants:

HUDSON MARKET 303 LLC

By: _____

Print Name _____

Title_____

By: _____   Date: _____
CHAN K. PARK

20

By: _____          Date: _____
    JOSE OSCAR JUAREZ RAMOS

By: _____          Date: _____
    JOSE PEREZ ESPINAL

By: _____          Date: _____
    JOSE YAT CHIC
    (A.K.A. EDGAR CASTRO)

By: _____          Date: _____
    PEDRO RAMALES

By: _____          Date: _____
    PEDRO TECUN POL

By: _____          Date: _____
    RAFAEL PASCUAL CHACAJ BATZ
    (A.K.A. EDGAR PEREZ)

By: _____          Date: _____
    RAUL ANTONIO

Defendants:

HUDSON MARKET 303 LLC
By: _____

Print Name _Chan Park_____

Title _President_____

By: _____          Date: _9-16-19_____
    CHAN K. PARK

20

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
-----------------------------------------------------------------X

ABRAHAN VELAZQUEZ CUAUTLE, ARTURO
GIL GARITA, CESARIO VASQUEZ TALAVERA,
CRISTO GARCIA SANTIAGO, JOSE
HUMBERTO BECERRA BUITRAGO, JOSE
OSCAR JUAREZ RAMOS, JOSE PEREZ
ESPINAL, JOSE YAT CHIC (A.K.A. EDGAR
CASTRO), PEDRO RAMALES, PEDRO TECUN
POL, RAFAEL PASCUAL CHACAJ BATZ (A.K.A.
EDGAR PEREZ), AND, RAUL ANTONIO
*individually and on behalf of others similarly
situated,*

                          *Plaintiffs,*

             -against-

HUDSON MARKET 303 LLC (D/B/A HUDSON
MARKET), CHRISTOPHER SANTOS, CHAN K.
PARK, TERRENCE PARK, SCOTT BARNER,
GREG GROSSMAN, ADAM DOE, JAZMIN DOE,
AND, ZACK DOE,

                        *Defendants.*

-----------------------------------------------------------------X

AFFIDAVIT OF
CONFESSION
OF JUDGMENT

STATE OF NEW YORK    )
                       ) ss.
COUNTY OF _New York_ )

Chan K Park, being duly sworn, deposes and says:

1. I reside in _____, New York

2. This affidavit of confession of judgment is for debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants Hudson Market 303 LLC (d/b/a Hudson Market), and Chan K. Park, (collectively, "Defendants") are to submit a total sum of One Hundred Five Thousand Dollars and No Cents ($105,000.00), to Plaintiffs.

3. Pursuant to the terms of the Settlement Agreement and Release by and between Abrahan Velazquez Cuautle, Arturo Gil Garita, Cesario Vasquez Talavera, Cristo Garcia Santiago, Jose Humberto Becerra Buitrago, Jose Oscar Juarez Ramos, Jose Perez Espinal, Jose Yat Chic (a.k.a. Edgar Castro), Pedro Ramales, Pedro Tecun Pol, Rafael Pascual Chacaj Batz (a.k.a. Edgar Perez), and, Raul Antonio (collectively, "Plaintiffs") and Hudson Market

21

303 LLC (d/b/a Hudson Market) and Chan K. Park (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against me individually and in favor of Plaintiffs for 150% the remaining sum due under the Settlement Agreement.

4. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement.

5. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment in the Supreme Court of the State of New York, New York County, as a judgment for $105,000,000 (less any amounts already paid to Plaintiffs pursuant to the above schedule), times 150% against me, Chan K Park

_____
Chan K Park

_16_ day of _Sept_ of 2019
_____
Notary Public

JONATHAN Y. SUE
Notary Public, State of New York
No. [illegible]
Qualified in New York County
Commission Expires May 17, 2023

22

**SUPREME COURT OF THE STATE OF NEW YORK**
**NEW YORK COUNTY**
-------------------------------------------------------------------X

ABRAHAN VELAZQUEZ CUAUTLE, ARTURO
GIL GARITA, CESARIO VASQUEZ TALAVERA,
CRISTO GARCIA SANTIAGO, JOSE
HUMBERTO BECERRA BUITRAGO, JOSE
OSCAR JUAREZ RAMOS, JOSE PEREZ
ESPINAL, JOSE YAT CHIC (A.K.A. EDGAR
CASTRO), PEDRO RAMALES, PEDRO TECUN
POL, RAFAEL PASCUAL CHACAJ BATZ (A.K.A.
EDGAR PEREZ), AND, RAUL ANTONIO
*individually and on behalf of others similarly
situated,*

                  *Plaintiffs,*

      -against-

HUDSON MARKET 303 LLC (D/B/A HUDSON
MARKET), CHRISTOPHER SANTOS, CHAN K.
PARK, TERRENCE PARK, SCOTT BARNER,
GREG GROSSMAN, ADAM DOE, JAZMIN DOE,
AND, ZACK DOE,

               *Defendants.*

-------------------------------------------------------------------X

**AFFIDAVIT OF
CONFESSION
OF JUDGMENT**

STATE OF NEW YORK   )
                    ) ss.
COUNTY OF _Nã York_  )

_Chang Park_, being duly sworn, deposes and says:

1. I reside in _____, New York

2. I am an owner of Hudson Market 303 LLC (d/b/a Hudson Market). I am duly authorized to make this affidavit of confession of judgment on behalf of Hudson Market 303 LLC.

3. Hudson Market 303 LLC maintains its principal place of business at 303 10th Avenue, New York, NY 10001

4. This affidavit of confession of judgment is for debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that

Defendants Hudson Market 303 LLC, and Chan K. Park, are to submit a total sum of One Hundred Five Thousand Dollars and No Cents ($105,000.00) to Plaintiffs.

5. Pursuant to the terms of the Settlement Agreement and Release by and between Abrahan Velazquez Cuautle, Arturo Gil Garita, Cesario Vasquez Talavera, Cristo Garcia Santiago, Jose Humberto Becerra Buitrago, Jose Oscar Juarez Ramos, Jose Perez Espinal, Jose Yat Chic (a.k.a. Edgar Castro), Pedro Ramales, Pedro Tecun Pol, Rafael Pascual Chacaj Batz (a.k.a. Edgar Perez), and, Raul Antonio (collectively, "Plaintiffs") and Hudson Market 303 LLC (d/b/a Hudson Market) and Chan K. Park(each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against Hudson Market 303 LLC and in favor of Plaintiffs for 150% the remaining sum due under the Settlement Agreement.

6. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement.

7. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment in the Supreme Court of the State of New York, New York County, as a judgment for $105,000 (less any amounts already paid to Plaintiffs pursuant to the above schedule), time 150% against Hudson Market 303 LLC

Hudson Market 303 LLC

By:
Chan K. Park
President / Owner

_16_ day of _Sept_ of 2019

Notary Public

JONATHAN Y. SUE
Notary [Public State of] New York
No. [...]
Qualified in [...] County
Commission Expires May 17, 20__23__

24