**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
ABRAHAN VELAZQUEZ CUAUTLE, et al.,

       Plaintiffs,     No. 18-CV-2968 (OTW)

   -against-        **MEMORANDUM OPINION & ORDER**

HUDSON MARKET 303 LLC, et al.,

       Defendants.

-----------------------------------------------------------x

  **ONA T. WANG, United States Magistrate Judge:**

  On September 5, 2019, the Court issued an order denying approval of the parties' settlement agreement as fair and reasonable under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), specifically pointing to the agreement's problematic release and non-disparagement provisions. (ECF 66).[1] The parties have now renewed their request for approval, removing the non-disparagement provision and appropriately limiting the release to "wage and hour" claims. (*Id*. at 16). Accordingly, the final analysis of the parties' settlement agreement is determining the reasonableness of the attorney's fees and costs.

**I. Attorney's Fees**

  The Court had expressed concern previously about the claimed attorney's fees, but had reserved decision as to their reasonableness after the revised agreement was submitted. (ECF 66 at 6). The Court has "considerable discretion" in determining a reasonable fee. *See Matusick v. Erie County Water Auth.*, 757 F.3d 31, 64 (2d Cir. 2014). Even where, as here, the attorney's

---
[1] The parties have consented to magistrate judge jurisdiction, pursuant to 28 U.S.C. § 636(c). (ECF 40).

fees are governed by a percentage of the total settlement amount and the fees do not exceed one-third of the settlement, the Court must still employ the lodestar method to determine reasonableness. *See Hernandez v. Boucherie LLC*, No. 18-CV-7887 (VEC), 2019 WL 3765750, at *4 (S.D.N.Y. Aug. 8, 2019). The lodestar method compares the proposed fees with the lodestar amount, a reasonable hourly rate multiplied by the reasonable number of hours needed to be spent on the case. *See id*.

The proposed settlement awards $35,000 in attorney's fees and costs, one-third of the total settlement amount. (ECF 64 at 4). Plaintiff asserts that this is reasonable because it only represents 1.9 times his billed amount of $18,389.50. (*Id*.) As an initial matter, the Court finds both the billed rates and hours unreasonable. Plaintiffs' counsel billed at the following rates:

Michael Faillace: $450/hour

Daniel Tannenbaum: $350/hour

Clifford Tucker: $375/hour

Gennadiy Naydenskiy: $350/hour

Haleigh Amant: $250/hour.

Courts have routinely found that Mr. Faillace's and his firm's charged hourly rates are excessive. *See Montes v. 11 Hanover Group LLC*, No. 17-CV-9376 (SDA), 2019 WL 4392516, at *2 (S.D.N.Y. Sept. 12, 2019) (finding the Faillace Firm's same hourly rates above unreasonable); *Gervacio v. AJR Laundry Services Inc.*, No. 17-CV-9632 (AJN), 2019 WL 330631, at *2 (S.D.N.Y. Jan. 25, 2019) (citing previous cases to reduce Faillace's rate to $400/hour and Amant's rate to $175/hour); *Hernandez v. JRPAC Inc.*, No. 14-CV-4176 (PAE), 2017 WL 66325, at *3 (S.D.N.Y. Jan.

2

6, 2017) (noting FLSA partners typically receive $400/hour, senior associates $300/hour, and junior associates $225/hour).

In addition, Plaintiffs' counsel's billed 57.35 hours is excessive, considering how little work was required for this case. Plaintiffs did not engage in any motion practice and only attended two conferences. Upon review of the specific time entries, the Court also is concerned about the inflation of hours billed. For example, counsel billed 1 hour for preparing for and attending an initial conference on May 20, 2019 before "Judge Fox," when there was no such conference held in this matter on that date and Judge Fox is not assigned to this matter. (ECF 64-3). Three hours were billed for time spent to "scan[] several documents." (*Id*.) Six hours were billed for translating the settlement agreement and "making plaintiffs sign." (*Id*.) Another 0.6 hours were billed for reviewing the complaint to "classif[y] it for future use," which is unrelated to litigating this case. (*Id*.) One and a half hours were billed for a mediation, which Plaintiffs previously admitted was cancelled due to the mediator's failure to appear. (*See* ECF 50). Another 1.5 hours were billed for translation, which is not legal work that should be billed as attorney's fees. *See Run Guo Zhang v. Lin Kumo Japanese Restaurant Inc.*, No. 13-CV-6667 (PAE), 2015 WL 5122530, at *3 (S.D.N.Y. Aug. 31, 2015). This sloppy billing cannot be described as supporting a reasonable figure. *See Gervacio*, 2019 WL 330631, at *2 (finding some of Mr. Faillace's entries for hours "entirely unnecessary to the prosecution of Plaintiff's case"). Accordingly, instead of going through and reducing the hourly rate and billed hours for each specific time entry, the Court finds that a thirty-percent reduction in counsel's billed fees results in a more appropriate lodestar amount of $12,872.65. *See Boucherie*, 2019 WL 3765750, at *6 (noting use of 45% reduction in unreasonably billed fees because of the need for justice, "not to

3

achieve auditing perfection"); *Cortes v. New Creators, Inc.*, No. 15-CV-5680 (PAE), 2016 WL 3455383, at *9 (S.D.N.Y. June 20, 2016) (finding "across-the-board reduction" appropriate to counter "improper or excessive billing").

Compared to the $33,974 in proposed attorney's fees,[2] the lodestar of $12,872.65 amounts to a multiplier of 2.6. When analyzing a multiplier, the Court should consider factors such as the attorney time expended, the complexity of the case, and the quality of the attorneys' representation. *See McDaniel v. County of Schenectady*, 595 F.3d 411, 423 (2d Cir. 2010). While they cited cases awarding a multiplier of up to 5, Plaintiffs' counsel provided no reason why a multiplier on the higher end of the typical range for FLSA cases is appropriate in this particular case, which was not complex and did not involve any motion practice or depositions.[3] *See, e.g., Boucherie,* 2019 WL 3765750, at *7 & n. 12 (finding a multiplier of 1.3 "more than sufficient" for "straightforward FLSA litigation" because cases approving a multiplier above 6 were "outliers"); *James v. China Grill Mgmt., Inc.*, No. 18-CV-455 (LGS), 2019 WL 1915298, at *3 (S.D.N.Y. Apr. 30, 2019) (finding multiplier of 3.53 "slightly higher than what is typically awarded in FLSA cases" but appropriate for a $1.2 million complex Rule 23 settlement); *Mills v. Capital One, N.A.*, No. 14-CV-1937 (HBP), 2015 WL 5730008, at *13 (S.D.N.Y. Sept. 30, 2015) (finding multiplier of 2.21 appropriate for a "more complex" Rule 23 FLSA class action that involved 500+ class members); *Saikiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 438-39 (S.D.N.Y. 2014) (approving multiplier of 2.28 after noting that courts in this District "have generally refused multipliers as high as 2.03"). Accordingly, the Court finds

---

[2] $35,000 total award - $1,026 in costs.

[3] Plaintiffs' counsel's inflation of billed hours further suggests that the case was not complex and that the quality of representation does not warrant a high multiplier.

4

that a multiplier of 2 is more appropriate for this case, resulting in an award of $25,745.30 in fees and $1,026 in filing and service costs. *See Lazo v. Kim's Nails at York Avenue, Inc.*, No. 17-CV-3302 (AJN), 2019 WL 95638, at *3 (S.D.N.Y. Jan. 2, 2019) ("a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases"); *Surdu v. Madison Global, LLC*, No. 15-CV-6567 (HBP), 2018 WL 1474379, at *11 (S.D.N.Y. Mar. 23, 2018) (reducing multiplier in FLSA case from 3.44 to 2 after invoking need for "judicial scrutiny, not judicial deference").

For the foregoing reasons, the Court will approve the parties' settlement agreement on the condition that the attorney's fees and costs be reduced to $26,771.30, with the difference between the requested fees and the reduced fees divided pro rata among Plaintiffs. Within 14 days of this Order, Plaintiffs' counsel shall file a joint status letter indicating whether the parties agree to restructure the settlement agreement to reflect the reduced attorney's fees.

**SO ORDERED.**

Dated: October 29, 2019
New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge

5